UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SARAH JANE HARPER,

    Plaintiff,

v.                                                                    Case No.:  6:22-cv-709-KCD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

# ORDER

Plaintiff Sarah Jane Harper sues under 42 U.S.C. § 405(g) to challenge the Commissioner of Social Security's decision denying her request for supplemental social security income and disability insurance benefits. (*See* Doc. 1.) For the reasons below, the Commissioner's decision is reversed and remanded for further administrative proceedings.

## I. Background

Harper filed for disability benefits in 2019, claiming she could no longer work because of post-traumatic stress disorder, anxiety, and glaucoma. (Tr. 305.)[1] Her application was denied initially and again upon reconsideration. She then requested further review before an administrative law judge ("ALJ").

---

[1] Citations to the administrative record are designated by "Tr." with a pinpoint cite if needed.

Following a hearing, the ALJ concluded that Harper had severe impairments of "chondromalacia of the left knee with tear of the left medial meniscus, status post repair; non-occlusive deep vein thrombosis, left lower extremity; depressive disorder; anxiety disorder with post-traumatic stress disorder and social phobia; borderline personality disorder; and attention deficit disorder." (Tr. 18.)[2] Still, the ALJ found she had the residual functional capacity ("RFC") to perform medium work with several additional restrictions:

> no climbing ladders, ropes, and scaffolds; occasional climbing ramps and stairs, kneeling, crouching, and crawling; frequent balancing and stooping; no work at unprotected heights; mentally limited to performing simple tasks and making simple work-related decisions; frequent interaction with supervisors and coworkers; and occasional interaction with the general public.

(Tr. 22.)[3]

After considering the RFC and other evidence, including testimony from a vocational expert, the ALJ concluded that Harper was not disabled because

---

[2] An individual claiming disability benefits must prove that she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

[3] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

she could perform several jobs existing in the national economy. (Tr. 30.) The Commissioner denied further administrative review, and this lawsuit followed.

## II. Standard of Review

Review of the Commissioner's (and, by extension, the ALJ's) decision denying benefits is limited to whether substantial evidence supports the factual findings and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *see also Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). It is more than a mere scintilla but less than a preponderance. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The Supreme Court recently explained, "whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

When determining whether the ALJ's decision is supported by substantial evidence, the court must view the record as a whole, considering evidence favorable and unfavorable to the Commissioner. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). But the court may not reweigh the evidence or substitute its judgment for that of the Commissioner. And even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence.

3

*Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Finally, "[u]nder a substantial evidence standard of review, [the claimant] must do more than point to evidence in the record that supports [her] position; [she] must show the absence of substantial evidence supporting the ALJ's conclusion." *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017).

### III. Analysis

Harper presses four arguments on appeal. (Doc. 17.) First, she claims the ALJ "failed to apply *res judicata*" to a prior disability application adjudicated before the Commissioner. (*Id.* at 1.) Second, the ALJ allegedly erred in building the RFC and failed to develop the record. Third, Harper says the ALJ's decision is not supported by substantial evidence because it conflicts with a "State agency limitation of . . . very short, on-the-job training period." (*Id.* at 2.) And finally, according to Harper, the ALJ erred by relying on vocational expert testimony that was insufficient.

Harper's second argument is a winner. The ALJ constructed the RFC based, at least in part, on evidence that Harper was "recovering well" from a knee surgery. (Tr. 24.) But the record contains no evidence about her post-surgery physical condition. Given this evidentiary gap, the Court cannot say the RFC, and its conclusion that Harper retains the physical ability to perform medium-level work, is based on substantial evidence.

Since remand is required to address the RFC, the Court declines to confront Harper's remaining claims. This is because they could be rendered moot with any new decision from the ALJ. *See, e.g.*, *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (stating it is unnecessary to review other issues raised on appeal where remand is required and such issues will likely be reconsidered in the later proceedings); *Bekiempis v. Colvin*, No. 8:16-cv-192-T-27TGW, 2017 WL 459198, at *5 (M.D. Fla. Jan. 17, 2017).

As noted, Harper's second argument concerns her physical limitations and the ALJ's treatment of medical records regarding a knee surgery. During the administrative hearing, Harper reported that she was still waiting on medical records from several sources. (Doc. 17 at 13-14.) The ALJ agreed to hold her decision until Harper submitted this additional evidence. For reasons unexplained, securing the records proved difficult. Eventually, Harper asked for a subpoena. (Tr. 257.) The ALJ declined her request, instead agreeing to "extend [the] time in order to obtain any outstanding records" (Doc. 17 at 14.) Harper later "downloaded Advent Health records through the patient portal and submitted them to the ALJ." (*Id.*)

About a month after the record closed, the ALJ issued her unfavorable decision. Pertinent here, she cited two records Harper submitted from the Advent portal—"Exhibits 20F and 21F." (Tr. 24.) According to the ALJ, these

5

documents reveal that Harper appeared "to be recovering well" from an April 2021 knee surgery. (*Id.*)

Harper claims the ALJ's assessment of Exhibits 20F and 21F is erroneous. She notes that "nothing in [these records] states that [she] is doing well . . . with regards to her knee post-surgery." (Doc. 17 at 15.) And this is problematic, Harper explains, because the ALJ used this fictitious assessment to build the RFC that found she could perform medium work to include kneeling, crouching, and crawling. In other words, "the ALJ had no substantial evidence to support her statement that [Harper] 'appears to be doing well,' and therefore, no substantial evidence for limiting [Harper] only to the reduced range of medium work." (*Id.* at 16.)

Harper is not wrong about Exhibits 20F and 21F. Nowhere do they assess her recovery from the knee surgery. As best the Court can tell, the ALJ either misread the records or confused this case with another claim. The rest of the administrative record is likewise silent about Harper's post-surgery condition. This creates a problem because the ALJ found Harper could perform the physical demands of medium work even after the knee surgery, yet there is absolutely no evidence to sustain this conclusion. To state the obvious, an RFC cannot be supported by substantial evidence where the claimant's physical abilities following surgery to address an admittedly severe impairment appear pulled from thin air. *Mills v. Colvin*, No. CV413-044, 2014

WL 2212211, at *6 (S.D. Ga. May 28, 2014) ("When [misstatements by the ALJ] are material to the determination of the degree of impairment, a reviewing court cannot say that the ALJ conducted a careful and thorough review of the record or that his decision is based on substantial evidence.").

The Court also agrees with Harper that this error is not harmless. The ALJ's disability decision is premised on the notion that Harper can physically undertake medium-level work after her knee surgery. If that is not true (which is wholly unknown), the entire house of cards collapses. The prejudice is self-evident. *See, e.g.*, *Morano-Phillip v. Comm'r of Soc. Sec.*, No. 6:20-CV-1892-LHP, 2022 WL 562346, at *5 (M.D. Fla. Feb. 23, 2022) ("The Court cannot say that the ALJ's misstatement of the medical evidence of record is harmless, as it is clear that the ALJ relied upon his misstatement to determine the limitations set forth in the RFC.").

In sum, the Court finds that the ALJ's decision is not supported by substantial evidence and will remand this case for further administrative proceedings. Accordingly, it is now **ORDERED**:

    1.    The decision of the Commissioner is **REVERSED** and **REMANDED** under sentence four of 42 U.S.C. § 405(g) for the Commissioner to address the issue outlined above and take any other action deemed necessary.

7

2. The Clerk is directed to enter judgment for Harper and against the Commissioner and close the file.

**ENTERED** in Fort Myers, Florida on June 16, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:   All Parties of Record

8